UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARIA TEVERAS                                        CIVIL ACTION

VERSUS                                               NO. 17-12747

JOSEPH CLARK, ET AL.                                 SECTION "R" (1)

## ORDER AND REASONS

Before the Court is defendants' motion to dismiss.[1] For the following reasons, the motion is denied.

## I. BACKGROUND

This case arises out of a motor vehicle collision in St. John the Baptist Parish, Louisiana.[2] Plaintiff alleges that, on November 19, 2016, she was a passenger in a car traveling west on the I-10 highway when her vehicle was hit by a truck driven by Defendant Joseph Clark.[3] Clark was allegedly employed by Defendant Fort Worth Carrier Corporation at the time of the accident.[4] Plaintiff alleges that she suffered personal injuries because of the collision, including neck and back injuries.[5]

---

[1] R. Doc. 7.
[2] R. Doc. 3 at 3 ¶ 8.
[3] *Id.*
[4] *Id.* at 5 ¶ 12.
[5] *Id.* at 3-4 ¶¶ 9-10.

On November 19, 2017, plaintiff filed suit against defendants Clark, Fort Worth Carrier, and National Union Fire and Casualty Insurance Company.[6] Plaintiff alleges that she was injured because of Clark's negligence, and that Fort Worth Carrier is vicariously liable for Clark's negligent acts.[7] The complaint asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, and the parties are completely diverse.[8] Clark and Fort Worth Carrier now move to dismiss the complaint for failure to state a claim.[9]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw

---

[6] R. Doc. 1.
[7] *Id.* at 3-4; R. Doc. 3 at 4-5.
[8] R. Doc. 3 at 1-2.
[9] R. Doc. 7.

all reasonable inferences in favor of the plaintiff. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

**III. DISCUSSION**

Defendants argue that the complaint must be dismissed because it is time-barred.[10] Because this case involves state law negligence claims, the Court applies Louisiana law governing prescription and tolling of the limitation period. *See Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir.

---

[10] R. Doc. 7-1 at 2.

1989); *see also Gonzalez v. Wyatt*, 157 F.3d 1016, 1021 n.1 (5th Cir. 1998). The parties agree that Louisiana's one-year prescriptive period for delictual actions applies to this case.[11] *See* La. Civ. Code art. 3492. Under Louisiana law, "[p]rescription is interrupted . . . when the obligee commences action against the obligor, in a court of competent jurisdiction and venue." La. Civ. Code art. 3462. A civil action "is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction." La. Code Civ. P. art. 421; *see also Hensgens*, 869 F.2d at 881.

Plaintiff alleges that the accident occurred on November 19, 2016.[12] Defendants contend that this action is untimely because plaintiff was required to file suit by November 20, 2017, and the complaint is dated November 22, 2017.[13] But the record shows that plaintiff filed a complaint in this matter on November 19, 2017, and she paid the filing fee on that date.[14] The initial complaint included extraneous pages concerning an unrelated case,[15] and the clerk's office instructed plaintiff to file a corrected complaint. Plaintiff filed a corrected complaint on November 22, 2017.[16]

---

11 R. Doc. 7-1 at 4; R. Doc. 8 at 3.
12 R. Doc. 3 at 3 ¶ 8.
13 R. Doc. 7-1 at 5.
14 R. Doc. 1; R. Doc. 8-4.
15 R. Doc. 1 at 6-12.
16 R. Doc. 3.

Plaintiff's initial complaint was sufficient to commence this action and interrupt the prescriptive period. The initial complaint includes the same parties and factual allegations as the corrected complaint.[17] Under Louisiana law, "the pleading filed need not be free of technical deficiencies" to interrupt prescription. *Hensgens*, 869 F.2d at 881; *see also In re Whitaker Constr. Co., Inc.*, 439 F.3d 212, 218 (5th Cir. 2006) (noting that Louisiana law "allows flawed or misdirected filings to interrupt prescription"); *Giroir v. South La. Med. Ctr.*, 475 So. 2d 1040, 1045 (La. 1985) (explaining that prescription statutes are not designed to protect a defendant "against pleading mistakes that his opponent makes in filing the formal claim within the period"). Because plaintiff filed suit within the prescriptive period, defendant's motion is without merit.

IV. **CONCLUSION**

For the foregoing reasons, the motion to dismiss is DENIED.

New Orleans, Louisiana, this ___3rd___ day of April, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[17] R. Doc. 1; R. Doc. 3.