UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIA TEVERAS | CIVIL ACTION |
| VERSUS | NO. 17-12747 |
| JOSEPH CLARK, ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is defendant National Union Fire Insurance Company of Pittsburgh, PA's motion to dismiss for insufficient service of process.[1] The Court denies the motion because plaintiff's delay in service was not sufficiently egregious to satisfy the applicable legal standard for a dismissal that would bar future litigation. *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325-26 (5th Cir. 2008).

## I. BACKGROUND

This case arises out of a motor vehicle collision in St. John the Baptist Parish, Louisiana.[2] Plaintiff alleges that, on November 19, 2016, she was a passenger in a car traveling west on the I-10 highway when her vehicle was hit by a truck driven by defendant Joseph Clark.[3] Plaintiff claims that she

---

[1] R. Doc. 16.
[2] R. Doc. 3 at 3 ¶ 8.
[3] *Id.*

suffered personal injuries because of the collision, including neck and back injuries.[4]

On November 19, 2017, plaintiff filed suit against defendants Clark, Fort Worth Carrier Corporation, and National Union.[5] On November 22, 2017, plaintiff issued a summons to "National Union Fire and Casualty Insurance Company of Pittsburgh, Pennsylvania" through the Louisiana Secretary of State.[6] The summons and complaint were served on the Secretary of State on January 10, 2018.[7] Because plaintiff failed to serve National Union under its correct name—"National Union Fire Insurance Company of Pittsburgh, Pennsylvania"—within the timeframe set forth in the federal rules, the Court issued a Show Cause Order on March 15, 2018, ordering plaintiff to explain in writing within twenty days why National Union was not timely served.[8] Plaintiff first learned of her error from the Court's order.[9] On March 20, 2018, plaintiff asked the Secretary of State to serve the correctly named entity.[10] National Union was properly served on

---

[4] *Id.* at 3-4 ¶¶ 9-10.
[5] R. Doc. 1.
[6] R. Doc. 5.
[7] R. Doc. 17-2.
[8] R. Doc. 9.
[9] *See* R. Doc. 17 at 2.
[10] R. Doc. 17-3.

March 26, 2018.[11]  On April 12, 2018, National Union moved to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(5), on the ground that plaintiff failed to timely serve National Union pursuant to Federal Rule of Civil Procedure 4(m).[12]

## II. LEGAL STANDARD

Rule 12(b)(5) allows a defendant to dismiss claims against it because of the plaintiff's insufficient service of process under Rule 4.  Fed. R. Civ. P. 12(b)(5).

In pertinent part, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Under Rule 4(m), the Court must first determine whether "good cause" exists to extend the time for service.  *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  If "good cause" does exist, the Court must extend the time requirement for service of process.  *Id.*  "If 'good cause' does not exist, the Court may, in its discretion, decide whether to dismiss the case without

---

[11]  R. Doc. 16-1 at 3; R. Doc. 17 at 2.
[12]  R. Doc. 16-1.

prejudice or extend time for service." *Id.* The party responsible for serving process has the burden to show that the service was valid or good cause existed for its failure to serve process properly. *Sys. Signs Supplies v. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *see also Jacob v. Barriere Constr. Co., LLC*, No. 08-3795, 2009 WL 2390869, at *3 (E.D. La. July 30, 2009). "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

"Good cause" requires "'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)). Establishing good cause typically requires some evidence of "good faith on the part of the party seeking an enlargement of time and some reasonable basis for noncompliance within the time specified." *Lambert*, 44 F.3d at 299. To determine whether "good cause" exists, the Court looks at the actions of the plaintiff that took place within the requisite period of time. *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).

But if a dismissal under the discretionary provisions of Rule 4(m) will likely bar future litigation, the dismissal should instead "be reviewed under the same heightened standard used to review a dismissal with prejudice." *Millan*, 546 F.3d at 325-26 (citing *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976)). Under this heightened standard, dismissal "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* at 326 (quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)). When the Fifth Circuit has affirmed dismissals with prejudice, "it has generally found at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

## III. DISCUSSION

Plaintiff does not dispute that she failed to serve National Union within the 90-day period set by Rule 4(m).[13] National Union argues that plaintiff has failed to show good cause for this untimeliness.[14] National Union asserts

---

[13] R. Doc. 17 at 2.
[14] R. Doc. 16-1 at 4-5.

5

that plaintiff's failure was the result of an inadvertent mistake, which is insufficient to constitute good cause under Fifth Circuit case law.[15] *See Gartin*, 289 F. App'x at 692. Plaintiff appears to concede that she does not have good cause for her failure to serve process timely.[16]

If forced to refile her complaint, plaintiff's claims would likely be prescribed under Louisiana's one-year prescriptive period for delictual actions. La. Civ. Code art. 3492. National Union argues that a dismissal is warranted even under the Fifth Circuit's heightened standard of review when a dismissal would be effectively with prejudice.[17] National Union specifically argues that plaintiff's conduct amounts to two of the "aggravating factors" identified in *Millan* as justifying a dismissal under these circumstances. First, National Union attributes plaintiff's delayed service to an "extreme lack of diligence" that amounts to an intentional effort to delay the litigation.[18] *See Millan*, 546 F.3d at 326 ("delay caused by intentional conduct" is one "aggravating factor" justifying dismissal with prejudice). Second, National Union argues it has been prejudiced because it was allegedly prevented from timely consolidating this lawsuit with a related

---

[15] *Id.*
[16] R. Doc. 17.
[17] R. Doc. 16-1 at 7.
[18] *Id.* at 7-8.

6

action.[19] *Id.* at 326 ("actual prejudice to the defendant" is an aggravating factor).

The Court finds that a dismissal is not justified. First, National Union's argument that plaintiff has exhibited an extreme lack of diligence equal to intentionally delaying the litigation is unpersuasive. Plaintiff initially attempted to serve National Union through the Secretary of State on January 10, 2018, well before the expiration of the deadline set by Rule 4(m).[20] Within one week of learning of her mistake, plaintiff asked the Secretary of State to correct the service,[21] and National Union was properly served shortly thereafter.[22] Plaintiff's expeditious efforts to correct her mistake indicates that her delay was not intentional. *See Brown v. Premium Food Concepts, Inc.*, No. 09-5811, 2010 WL 1838644, at *2-3 (E.D. La. May 5, 2010) (denying defendant's motion to dismiss when plaintiff failed to comply with the technical requirements of Rule 4 but properly served defendant two days after receiving the Court's order to show cause). National Union relies on *Houck v. Creditors Financial Group*, No. 10-1268, 2011 WL 4703056 (M.D. La. Oct. 4, 2011), to argue that dismissal is warranted. But in *Houck*, the

---

[19] *Id.* at 9
[20] R. Doc. 17-2.
[21] R. Doc. 17-3.
[22] R. Doc. 16-1 at 3; R. Doc. 17 at 2.

court twice extended the deadline to complete service, and the plaintiffs still failed to serve the defendant nearly one year after filing their petition. *Houck*, 2011 WL 4703056, at *3. Here, plaintiff's actions are far less egregious.

Next, National Union asserts it has been prejudiced by plaintiff's failure to serve process timely.[23] National Union states it is a named defendant in a related action currently pending in this district.[24] *See Davis v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 17-8700. In that action, the deadline for filing amended pleadings, third-party actions, cross-claims, and counter-claims expired on December 8, 2017.[25] National Union argues that plaintiff's delay prevented it from consolidating the two actions.[26] But even if it were true that December 8 was the last day National Union could move to consolidate the two pending actions, plaintiff's delay would not have caused National Union any prejudice. Plaintiff filed her complaint on November 19, 2017, and had 90 days from then to serve National Union. Fed. R. Civ. P. 4(m). Plaintiff's first attempt at service was completed on January 10, 2018,[27] more than a month after the deadline in the related

---

[23] R. Doc. 16-1 at 9.
[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] R. Doc. 17-2.

8

action. National Union would still have missed its opportunity to consolidate the actions even if plaintiff's service had been timely. Thus, plaintiff's delay has caused no apparent prejudice that would justify the severe sanction of barring her claims against National Union. *See Barriere Constr.*, 2009 WL 2390869, at *4 ("Granting the defendants' motion at this stage would be akin to dismissing the action with prejudice, which 'is an extreme sanction that deprives a litigant of the opportunity to pursue his claim.'" (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)).

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is DENIED.

New Orleans, Louisiana, this __16th__ day of July, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE